**FILED**

FEB - 4 2016

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

CHARLES L. HARPER,
*47 Wimsey Rd Upper Marlboro
MD 20772*

    Plaintiff,

vs.

CHARLTON WOODYARD,
*1244 Hst NE Wash DC*

AND *20002*

LUXURY 4 LESS, NET, LLC

1244 H STREET NE

WASHINGTON, DC 20002

    Defendant

Case No: _____

Case No.: 2014-ltb-031458

**NOTICE OF FILING OF REMOVAL**

Case: 1:16−cv−00193  Jury Demand
Assigned To : Collyer, Rosemary M.
Assign. Date : 2/4/2016
Description: General Civil (E Deck)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Charlton Woodyard, and Luxury 4 Less, Net, LLC, hereby removes to this Court the State Court action described below:

1.  On or about June 16, 2015, an action was commenced in the Superior Court for the District of Columbia Landlord Tennent, entitled Fisher, Plaintiff, vs. Ali, Defendant, and Case Number 2014-ltb-031458

2.  Plaintiff have violated Defendants Toppa Rights and rights pursuant to the Fair Debt Collection Practice Act 15 U.S.C. 1692.

3.  Defendant was never served with first rights of refusal, as stated in DC Code.

4.  A copy of all process, pleadings and orders served upon defendant in the state court action are attached hereto as Exhibit "A".

NOTICE OF FILING OF REMOVAL - 1

**RECEIVED**

FEB - 4 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. 1332, and is one which may be removed to this Court by Defendant pursuant to provisions of 28 U.S.C 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs because, the alleged breach of contract claim of Defendants is $1,500,000 thousand dollars.

6. Defendant is informed and believes that Plaintiff is not the Real Party of Interest, and that Plaintiff has failed to join Charlton Woodyard as a party to this alleged complaint.

**WHEREFORE,** Defendant Woodyard, request that this action be removed to the United States District Court for the District of Columbia.

Dated this 03rd of February, 2016.

CHARLTON WOODYARD, for LUXURY 4
LESS NET LLC, BY AGENT

NOTICE OF FILING OF REMOVAL - 2

1
2
3

**CERTIFICATE OF SERVICE**

4     **I HEREBY CERTIFY THAT A COPY OF** this Notice of Removal was mailed by first

5  class mail, postage prepaid, and this 03rd day of February 2011 to Attorney Robert
   Cooper 1111 14th Street NW #1000 Washington, DC 20005.

6
7
8
9
10
11
                              **CHARLTON WOODYARD, for LUXURY 4**
12                            **LESS NET LLC, BY AGENT**
13
14
15
16
17
18
19
20
21
22
23
24
25

NOTICE OF FILING OF REMOVAL - 3

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION**
**LANDLORD AND TENANT BRANCH**
510 4th STREET, N.W., Building B, Room #110, Washington, D.C. 20001   Telephone (202) 879-4879   www.dccourts.gov

LANDLORD & TENANT

DEC 0 4 2014

Superior Court
of the District of Columbia
Washington, D.C.

Case No. LTB 31458 - 2014

Plaintiff(s) *Charles L Harper*
*e/o Cooper & Crickman*
Address (No post office boxes) *111 - 14th Street, NW*
*Washington, DC   20002*
City _____ State _____ Zip Code _____
Phone Number *202 / 265-4520*

Defendant(s) *Luxury 4 Less, net, LLC*
*e/o Charles E Woodyard, Jr*
Address *1244 - 1246 H Street, NE*
Washington, D.C.   *20002*
City _____ State _____ Zip Code _____
Phone Number *(if known)*

## SUMMONS TO APPEAR IN COURT AND NOTICE OF HEARING -- FORM 1S

YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR ON **DEC 29 2014** AT 9:00 A.M.
PROMPTLY, in the Landlord and Tenant Courtroom, Room 109, Bldg. B, 510 4th Street, NW.
Between E and F Streets, N.W., Judiciary Square Red Line Metro stop ◆ Wheelchair accessible entrance located on F Street side of building

1. You are being sued for possession of the premises you occupy.
2. This paper is a Summons in a lawsuit seeking your eviction.
3. The Complaint attached to this Summons states the grounds for possession claimed by the Plaintiff. If the Complaint is not attached, a copy is available in the Landlord and Tenant Clerk's Office at 510 4th Street, Building B, Room #110.
4. If you, or your attorney, do not appear on the date and time listed above, a default judgment may be entered against you giving Plaintiff the right to evict you from the premises without any further court hearings.
5. **Court employees are not permitted to give advice on legal questions.**

**Notice to Occupant(s) Not Named on the Summons:** If you live on the premises and wish to remain, you must come to Court even if you are not named as a Defendant on the Summons or Complaint.

**PLEASE SEE THE BACK OF THIS FORM FOR IMPORTANT INFORMATION ABOUT THE COURT PROCESS. IF YOU HAVE ANY ADDITIONAL QUESTIONS ABOUT THE SUMMONS AND COMPLAINT, OR YOUR RIGHTS AND RESPONSIBILITIES, PLEASE CONSULT AN ATTORNEY PROMPTLY.**

## CITATORIO DE COMPARENCIA AL TRIBUNAL Y AVISO DE AUDIENCIA

POR MEDIO DE LA PRESENTE SE LE EXIGE Y ORDENA QUE COMPAREZCA E **DEC 29 2014** A
LAS 9:00 A.M. PUNTUALMENTE a la Sala de Arrendadores e Inquilinos, 510 4th Street, NW. Edificio B.
Entre las Calles E y F, N.W., paradero de Metro, Judiciary Square, línea roja ◆ Entrada accesible para silla de ruedas por la Calle F.

1. Se le demanda por transferencia de la tenencia de la propiedad en que habita.
2. Este escrito es un citatorio de una demanda para su desalojamiento.
3. La demanda adjunta a este citatorio declara la base del demandante para la tenencia que pide. Si la demanda no está adjunta, hay una copia disponible en la oficina de la Secretaria de Arrendador e Inquilino en la 510 4th Street, NW, Edificio B #110.
4. Si usted o su abogado no comparecen a la hora y en la fecha indicadas, se podria emitir un fallo en su contra por incomparecencia, permitiendo asi que el demandante lo desaloje del lugar sin necesitarse audiencias posteriores.
5. Al personal del tribunal no se les permite asesorar en cuestiones jurídicas.

**Advertencia a los inquilinos no nombrados en la demanda:** Si usted vive en la propiedad y desea permanecer ahi pero no ha sido mencionado como inquilino, debe presentarse al Tribunal aun si no es nombrado como demandado en la convocatoria o demanda.

**VEA AL DORSO DE ESTE FORMULARIO: INFORMACIÓN IMPORTANTE SOBRE EL PROCESO JUDICIAL. SI TIENE MÁS PREGUNTAS SOBRE EL CITATORIO Y LA DEMANDA O SOBRE SUS DERECHOS Y DEBERES, CONSÚLTELE A UN ABOGADO PRONTO.**

*Robert Cooper / Kenneth Crickman*   414168/463225
Plaintiff/Plaintiff's Attorney *e/o Cooper & Crickman, PLLC*   Unified Bar No. _____
Address *111 - 14th Street, NW, Ste 1000, WDC 20002*
*202 / 265-4520*   Zip Code _____   *rcooper@coorlaw.*
Phone No.   Email Address (required only for attorneys) *com*

CLERK OF THE COURT

Costs of this suit to date are $ *26.90*
Costas a la fecha

如需翻译,请打电话   Case: 2014 LTB 031458

2) 879-4828 pour une traduction

번역을 원하시면, (202) 879-4828 로 전화주십시오

(202) 879-4828

SUPERIOR COURT
DISTRICT OF COLUMBIA

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION**
**LANDLORD AND TENANT BRANCH**
**510 4th STREET, N.W., Building B, Room #110, Washington, D.C. 20001  Telephone (202) 879-4879**

Case No. LTB _31458-2014_

_Charles L. Harper_                                    vs.    _Luxury 4 Less.net, LLC_
Plaintiff(s) _% Cooper & Crickman, PLC_                       Defendant(s) _% Charles E. Woodyard Sr._
Address (No post office boxes) _1111-14th Street, NW Ste 1000_  Address _1244-1246 H Street NE_
_Washington_    _DC_    _20005_                                 Washington, D.C.    _20002_
City         State        Zip Code                              City                          Zip Code
_202/265-4520_
Phone Number                                                    Phone Number (if known)

## VERIFIED COMPLAINT FOR POSSESSION OF REAL PROPERTY -- FORM 1D
### (Commercial Property)

**DISTRICT OF COLUMBIA, ss:**

1. I, (name, address, and phone #) _Robert Cooper 1111-14th St NW, Ste 1000, WDC 20005, 202-265-4520_ swear or affirm, under penalties of perjury, that I have knowledge of the facts set forth in this Complaint and that I am: ☐ Plaintiff, or ☒ Plaintiff's attorney, or ☐ Plaintiff's agent authorized to make this verification and my relationship to Plaintiff is (explain, and if Plaintiff is a corporation, include your title) _____

2. Plaintiff: ☒ is the Landlord or Owner, or ☐ has been appointed Personal Representative of the Estate in case no. _____ and is authorized to take possession of the property, or ☐ is not the Landlord, Owner, or Personal Representative, but has the right to demand possession of the property because (explain) _____

3. Plaintiff seeks possession of commercial property located at _1244-1246 H Street, NE 20002_ Washington, D.C. Property is in possession of Defendant, who holds it without right. Plaintiff seeks possession of property because:
   A. ☒ Defendant failed to pay: $ _13,200⁰⁰_ total amount due to the landlord from _July 2014_ to _Dec 2014_.
      Defendant owes:
      ☒ Monthly base rent of $ _2,200⁰⁰_.
      ☐ Common Area Maintenance (CAM) of $ _____ (explain) _____
      ☐ Utility charges of $ _____ (explain) _____
      ☐ Taxes of $ _____ (explain) _____
      ☐ Late fees of $ _____ per month for the months of _____ to _____.
      ☐ Reasonable attorneys' fees of $ _____ to date, pursuant to paragraph _____ of the lease.
      ☐ Other amount of $ _____ for (explain) _____
      Notice to quit has been: ☒ served as required by law, or ☐ I have personally reviewed the lease and Defendant has expressly waived the right to be served with a notice to quit in paragraph no. _____ on page number _____ of the lease, or ☐ Defendant has expressly waived that right in another document (attach copy).

   B. ☒ Defendant failed to vacate the property after expiration of a properly served written ☒ Notice to Quit or ☐ Notice of Termination (Attach copy of Notice and affidavit of service of the Notice.)
      1) Content of the Notice:
         ☒ All of the facts stated in the attached Notice were true at the time the Notice was served, or
         ☐ Plaintiff relies only on the following facts in the attached Notice, which were true at the time the Notice was served: (specify) _____
      2) Compliance with the Notice: (complete if applicable)
         a. Defendant's conduct set forth in the Notice breaches the following paragraph number(s) or provision(s) of the written lease: _____
         b. Of the breaches listed in the attached Notice, Defendant failed to correct/cure the following breaches by the deadline set forth in the Notice; _failed to vacate the property, failed to pay rent, failed to cease subletting without owners consent._

Form 1D Page 1 of 2
**COMPLETE BOTH PAGES**

Case No. LTB ___31458-2014___

C.  ☐  For the following reason:
   ☐  Defendant is holding over after expiration of the lease.
   ☐  Defendant is not a tenant and has no legal right to occupy the premises.
   ☐  Other reason (*explain fully*)_____

   Notice to quit: ☐ is not required, **or** ☐ has been served as required by law, **or** ☐ I have personally reviewed the lease and Defendant has expressly waived the right to be served with a notice to quit in paragraph no. _____ on page number _____ of the lease, **or** ☐ Defendant has expressly waived that right in another document (*attach copy*).

Therefore, Plaintiff asks the Court for: (*check all that apply*)
   ☑ Redeemable judgment for possession of the property described and costs taxed by the Clerk.
   ☑ Judgment for possession of the property described with no right to redeem the tenancy (non-redeemable judgment) and costs taxed by the Clerk.
   ☑ Money judgment for rent, fees defined as rent, and late fees in the total amount of $ 13,218.00
   ☑ A protective order requiring that all future rent be paid into the Court Registry until the case is decided.

Subscribed & sworn to before me this 3rd day of Dec, 2014

_Calenda B Woodward_
Notary Public

YOLANDA B. WOODWARD
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 20, 2017

Plaintiff/Plaintiff's Attorney/Plaintiff's Agent

Attorney for Plff
Title of Person Signing (*if any*)

**Important Note to Parties**: Court of Appeals Rule 49, Superior Court Rule of Civil Procedure 101, and Landlord and Tenant Rule 9 prohibit the unauthorized practice of law. Any person who is not a lawyer in good standing in the District of Columbia should be aware that he or she could be engaging in the unauthorized practice of law if he or she acts on behalf of another in the Landlord and Tenant Branch for any purpose other than to request a continuance.

_Robert Cooper / Kenneth Crockman_  414168 / 463225
Plaintiff/Plaintiff's Attorney      Unified Bar No.
_c/o Cooper & Crockman, PLLC_
_1111 14th Street, NW, Ste. 1000  WDC 20005_
Address                                 Zip Code
_202/265 4520    cooper@ axcrlaw.co_
Phone No.        Email Address (*required only for attorneys*)

CLERK OF THE COURT

Costs of this suit to date are $ 26.90

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828      (Amharic) (202) 879-4828      번역을 원하시면, (202) 879-4828 로 전화주십시요

Form 1D Page 2 of 2
**COMPLETE *BOTH* PAGES**

2014 LTB 31458

Re: 1244 H Street, NE, Washington, DC 20002 )
)
)
)
) Case No.: N/A
)
)
)
)
)
)

## AFFIDAVIT OF POSTING

I, Alprentice D. Davis, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the 30- Day Notice to Quit the Premises in English and Spanish dated October 28, 2014 listed herein in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That on October 31, 2014 at 10:30 AM, I served Charles "Charlton" E. Woodyard, Sr. d/b/a Luxury4less.net, LLC at 1244 H Street, NE, Washington, DC 20002 by posting the 30- Day Notice to Quit the Premises in English and Spanish dated October 28, 2014 on the front door and mailed a copy of the same on 10/31/2014 to Charles "Charlton" E. Woodyard, Sr. d/b/a Luxury4less.net, LLC at 1244 H Street, NE, Washington, DC 20002, first class US Postage prepaid.

In addition, I attempted to serve the above referenced documents on October 30, 2014 at 5:30 PM.

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Alprentice D. Davis
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this ___3rd___ day of ___November___, 2014.

Notary Public

My Commission Expires:

ANGELA H. CROSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2019

ID: (x)1497

Client Reference: 08140001

## COMMERCIAL NOTICE TO VACATE
### D.C. CODE SECTIONS 42-520 AND 42-3206

TENANT'S NAME:        CHARLES "CHARLTON" E. WOODYARD, SR. D/B/A LUXURY4LESS.NET, LLC

DATE:                October 28, 2014

TENANT'S ADDRESS:    1244 H Street, N.E., Washington, DC 20002

### 30 DAY NOTICE TO QUIT AND VACATE

Charles Woodyard, Sr., d/b/a Luxury4less.net, LLC:

The Owner of the commercial premises located at 1244-1246 H Street, NE, Washington, DC 20002, (the "Premises") hereby notifies you of the termination of your use and occupancy of the commercial premises and further notifies you to quit and vacate the premises and remove all personal, commercial and business property thereon, and all persons who may be claiming possession by and through you.

This Notice to quit and vacate is being sent to you pursuant to Section 42-520 of the D.C. Code Annotated, due to your failure to pay your monthly rent of $2,200.00 in full or on time for the period of July through October 2014 (the total amount of your rent arrears is $8,800.00); for being uncooperative with landlord in refusing to allow access to the property to the landlord and/or its agents in October 2014; for the subletting of some or all of the space without the landlord's consent to Tameca Herbert d/b/a/ Divas World Consignment Boutique LLC and/or to James E. Clark; and due to the impending sale of the property which must be vacant on or before the date of the transfer.

§ 42-520. Estates by sufferance states that all estates which by construction of the courts were estates from year to year at common law, as where a tenant goes into possession and pays rent without an agreement for a term, or where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like, and all verbal hirings by the month or at any specified rate per month, shall be deemed estates by sufferance.

§ 42-3202. Notice to quit -- Tenancies by sufferance states that a tenancy from month to month may be terminated by a 30 days notice in writing from the landlord to the tenant to quit, or by such a notice from the tenant to the landlord of his intention to quit, said notice to expire, in either case, on the day of the month from which such tenancy commenced to run.

§ 42-3206. Service of notice to quit governs that manner in which a Notice to quit is served, and reads that every notice to the tenant to quit shall be served in English and Spanish upon him personally, if he can be found, and if he cannot be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises. If the notice is posted on the premises, a copy of the notice shall be mailed first class U.S. mail, postage prepaid, to the premises sought to be recovered, in the name of the person known to be in possession of the premises, or if unknown, in the name of the person occupying the premises, within 3 calendar days of the date of posting.

You have thirty (30) days from the date of the service of this Notice to quit and vacate the commercial premises as set forth above.

In the event you fail to quit and vacate the commercial premises as aforesaid, it will be necessary that the owner take such steps as are appropriate to secure possession of the commercial premises.

Additionally, you will be held liable for the use and occupancy of the commercial premises up to and after the expiration of this Notice and/or the date of termination of you possession if you fail to vacate by the date specified in this Notice.  This Notice shall not relieve you from any claims for any other damages that the Owner may have concerning your use and occupancy of the commercial premises. This is a commercial premises and commercial tenancy, and there is no RAD Registration or Claim of Exemption required.

Robert Clayton Cooper, Esq.
Agent for the Owner, Charles L. Harper
Cooper & Crickman, PLLC
1111-14th Street, NW Suite 1000
Washington, DC 20005
202-265-4520
202-265-4525 (fax)
Robert.Cooper@cocrlaw.com

AVISO COMERCIAL DE DESOCUPAR
C.C. CIFRE LAS SECCIONES 42-520 Y 42-3206

NOMBRE DE S DEL ARRENDATARIO':      CHARLES "CHARLTON" E. WOODYARD, SR. D/B/A LUXURY4LESS.NET, LLC

FECHA:             De octubre el 28 de 2014

DIRECCIÓN DE S DEL ARRENDATARIO':    1244 calle de H, noreste, Washington, dc 20002

## AVISO DE 30 DÍAS DE PARAR Y DE DESOCUPAR

Charles Woodyard, Sr., d/b/a Luxury4less.net, LLC:

El dueño de las premisas comerciales situadas en 1244-1246 la calle de H, NE, Washington, dc 20002, ("presupone") le notifica por este medio de la terminación de su uso y ocupación de las premisas del anuncio y le notifica más lejos para parar y para desocupar las premisas y para quitar a toda la característica personal, del anuncio y del negocio sobre eso, y a todas las personas de quienes pueda demandar la posesión y a través de usted.

Este aviso de parar y de desocupar se está enviando usted conforme a la sección 42-520 de la C.C. Código anotado, debido a su falta de pagar su alquiler mensual de $2.200.00 por completo o el la hora para el período de julio hasta el octubre de 2014 (la cantidad total de sus atrasos del alquiler es $8.800.00); para ser incooperativo con el propietario en el rechazo permitir el acceso a la característica al propietario y/o a sus agentes en octubre de 2014; para subalquilar de alguno o de todo el espacio sin el consentimiento del propietario al LLC del boutique del envío del mundo de los Divas de Tameca Herberto d/b/a/y/o a James E. Clark; y debido a la venta inminente de la característica en la cual debe ser vacante o antes de la fecha de la transferencia.

§ 42-520. Estados por sufferance estados que todos los estados que por la construcción de las cortes eran estados a partir del año al año en la ley común, como donde un arrendatario entra la posesión y paga alquiler sin un acuerdo un término, o donde un arrendatario por años, después de la expiración de su término, continúan en la posesión y pagan alquiler y los similares, y todos los hirings verbales por el mes o en cualquier tarifa especificada por mes, sea estados juzgados por sufferance.

§ 42-3202. Aviso de parar -- Arrendamientos por sufferance estados que un arrendamiento de la publicación mensual se puede terminar por un aviso de 30 días en escribir del propietario al arrendatario a parar, o por tal aviso del arrendatario al propietario de su intención de parar, aviso dicho de expirar, en cualquier caso, en el día del mes de el cual tal arrendamiento comenzado para funcionar.

§ 42-3206. Servicio del aviso de parar gobierna esa manera de la cual se sirva un aviso de parar, y lee que cada aviso al arrendatario de parar será servido en inglés y español sobre él personalmente, si él puede ser encontrado, y si él no puede ser encontrado él es suficiente servicio del aviso dicho de entregar igual a alguna persona de la edad apropiada sobre las premisas, y en ausencia de tal arrendatario o persona para fijar igual en un cierto lugar visible sobre las premisas arrendadas. Si el aviso se fija en las premisas, una copia del aviso será la primera clase enviada los E.E.U.U. correo, franqueo pagado por adelantado, a las premisas intentadas para ser recuperado, en nombre de la persona conocida para estar en la posesión de las premisas, o si desconocido, en el nombre de la persona que ocupa las premisas, dentro de 3 días de calendario de la fecha de la fijación.

Usted tiene treinta (30) días a partir de la fecha del servicio de este aviso de parar y de desocupar las premisas comerciales según lo fijado adelante arriba.

**2014 LTB 31458**

En el acontecimiento usted no puede parar y desocupar las premisas del anuncio como antedicho, será necesario que la toma del dueño los pasos tales como son apropiado asegurar la posesión de las premisas comerciales.

Además, le sostendrán obligado para el uso y la ocupación de las premisas del anuncio hasta y después de la expiración de este aviso y/o de la fecha de la terminación de usted posesión si usted no puede desocupar por la fecha especificada en este aviso. Este aviso no le relevará de ninguna demandas para ninguna otra daños que el dueño pueda tener referente su uso y ocupación de las premisas comerciales. Éste es premisas de un anuncio y arrendamiento comercial, y no hay registro del RAD o demanda de la exención requerida.

Fabricante de Vinos de Roberto Clayton, Esq.
Agente para el dueño, Charles L. Harper
Fabricante de vinos y Crickman, PLLC
1111-14th Calle, habitación 1000 del nanovatio
Washington, dc 20005
202-265-4520
202-265-4525 (fax)
Robert.Cooper@cocrlaw.com

# COMMERCIAL LEASE AGREEMENT

This Commercial Lease Agreement ("Lease") is made and effective _____April 1, 2005_____ [Date], by and between __Charles L. Harper_Sr._____ [Landlord] ("Landlord") and ____Luxury4Less. Net LLC_____ [Tenant] ("Tenant").

Landlord is the owner of land and improvements commonly known and numbered as Building_**1244 & Lot 1246 H St. NE Washington DC 20002** [Address of Building] and legally described as follows (the "Building"): 1244_& 1246 H St NE _commercial property and lot _____ [Legal Description of Building]

Landlord makes available for lease a portion of the Building designated as:**The entire building and lot of 1244 & 1246 H St**_____ [Suite or Other Number of Leased Building] (the "Leased Premises").

Landlord desires to lease the Leased Premises to Tenant, and Tenant desires to lease the Leased Premises from Landlord for the term, at the rental and upon the covenants, conditions and provisions herein set forth.

THEREFORE, in consideration of the mutual promises herein, contained and other good and valuable consideration, it is agreed:

## 1. Term.

A. Landlord hereby leases the Leased Premises to Tenant, and Tenant hereby leases the same from Landlord, for an "Initial Term" beginning  **April 1, 2005__** [Start Date] and ending __**April 1, 2050__**[End Date]. Landlord shall use its best efforts to give Tenant possession as nearly as possible at the beginning of the Lease term. If Landlord is unable to timely provide the Leased Premises, rent shall abate for the period of delay. Tenant shall make no other claim against Landlord for any such delay.

B. Tenant may renew the Lease for one extended term of _____N/A_____ [Renewal Term]. Tenant shall exercise such renewal option, if at all, by giving written notice to Landlord not less than ninety (90) days prior to the expiration of the Initial Term. The renewal term shall be at the rental set forth below and otherwise upon the same covenants, conditions and provisions as provided in this Lease.

## 2. Rental.

A. Tenant shall pay to Landlord during the Initial Term rental of ____2200.00_____ [Annual Rent] per year, payable in installments of ___2200.00_____ [Monthly Rental Amount] per month. Each installment payment shall be due in advance on the first day of each calendar month during the lease term to Landlord at _____4712 MIMSEY RD; UPPR MARLBORO MD20772-3440_____ [Landlord's Designated Payment Address] or at such other place designated by written notice from Landlord or Tenant. The rental payment amount for any partial calendar months included in the lease term shall be prorated on a daily basis. Tenant shall also pay to Landlord a "Security Deposit" in the amount of _____2200.00_____ [Security Deposit].

B. The rental for any renewal lease term, if created as permitted under this Lease, shall be _____0_____ [Annual Rent in Renewal Term] per year payable in installments of _____0_____ [Monthly Rental Amount] per month.

## 3. Use

Notwithstanding the forgoing, Tenant shall not use the Leased Premises for the purposes of storing, manufacturing or selling any explosives, flammables or other inherently dangerous substance, chemical, thing or device.

**4. Sublease and Assignment.**

Tenant shall have the right without Landlord's consent, to assign this Lease to a corporation with which Tenant may merge or consolidate, to any subsidiary of Tenant, to any corporation under common control with Tenant, or to a purchaser of substantially all of Tenant's assets. Except as set forth above, Tenant shall not sublease all or any part of the Leased Premises, or assign this Lease in whole or in part without Landlord's consent, such consent not to be unreasonably withheld or delayed.

**5. Repairs.**

During the Lease term, Tenant shall make, at Tenant's expense, all necessary repairs to the Leased Premises. Repairs shall include such items as routine repairs of floors, walls, ceilings, and other parts of the Leased Premises damaged or worn through normal occupancy, except for major mechanical systems or the roof, subject to the obligations of the parties otherwise set forth in this Lease.

**6. Alterations and Improvements.**

Tenant, at Tenant's expense, shall have the right following Landlord's consent to remodel, redecorate, and make additions, improvements and replacements of and to all or any part of the Leased Premises from time to time as Tenant may deem desirable, provided the same are made in a workmanlike manner and utilizing good quality materials. Tenant shall have the right to place and install personal property, trade fixtures, equipment and other temporary installations in and upon the Leased Premises, and fasten the same to the premises. All personal property, equipment, machinery, trade fixtures and temporary installations, whether acquired by Tenant at the commencement of the Lease term or placed or installed on the Leased Premises by Tenant thereafter, shall remain Tenant's property free and clear of any claim by Landlord. Tenant shall have the right to remove the same at any time during the term of this Lease provided that all damage to the Leased Premises caused by such removal shall be repaired by Tenant at Tenant's expense.

**7. Property Taxes.**

Landlord shall pay, prior to delinquency, all general real estate taxes and installments of special assessments coming due during the Lease term on the Leased Premises, and all personal property taxes with respect to Landlord's personal property, if any, on the Leased Premises. Tenant shall be responsible for paying all personal property taxes with respect to Tenant's personal property at the Leased Premises.

**8. Insurance.**

A. If the Leased Premises or any other party of the Building is damaged by fire or other casualty resulting from any act or negligence of Tenant or any of Tenant's agents, employees or invitees, rent shall not be diminished or a bated while such damages are under repair, and Tenant shall be responsible for the costs of repair not covered by insurance.

B. Landlord shall maintain fire and extended coverage insurance on the Building and the Leased Premises in such amounts as Landlord shall deem appropriate. Tenant shall be responsible, at its expense, for fire and extended coverage insurance on all of its personal property, including removable trade fixtures, located in the Leased Premises.

C. Tenant and Landlord shall, each at its own expense, maintain a policy or policies of comprehensive general liability insurance with respect to the respective activities of each in the Building with the premiums thereon fully paid on or before due date, issued by and binding upon some insurance company approved by Landlord, such insurance to afford minimum protection of not less than $1,000,000 combined single limit coverage of bodily injury, property damage or combination thereof. Landlord shall be listed as an additional insured on Tenant's policy or policies of comprehensive general liability insurance, and Tenant shall provide Landlord with current Certificates of Insurance evidencing Tenant's compliance with this Paragraph. Tenant shall obtain the agreement of Tenant's insurers to notify Landlord that a policy is due to expire at least (10) days prior to such expiration. Landlord shall not be required to maintain insurance against thefts within the Leased Premises or the Building.

**9. Utilities.**

Tenant shall pay all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises during the term of this Lease unless otherwise expressly agreed in writing by Landlord. In the event that any utility or service provided to the Leased Premises is not separately metered, Landlord shall pay the amount due and separately invoice Tenant for Tenant's pro rata share of the charges. Tenant shall pay such amounts within fifteen (15) days of invoice. Tenant acknowledges that the Leased Premises are designed to provide standard office use electrical facilities and standard office lighting. Tenant shall not use any equipment or devices that utilize excessive electrical energy or which may, in Landlord's reasonable opinion, overload the wiring or interfere with electrical services to other tenants.

**10. Signs.**

Following Landlord's consent, Tenant shall have the right to place on the Leased Premises, at locations selected by Tenant, any signs which are permitted by applicable zoning ordinances and private restrictions. Landlord may ref use consent to any proposed signage that is in Landlord's opinion too large, deceptive, unattractive or otherwise inconsistent with or inappropriate to the Leased Premises or use of any other tenant. Landlord shall assist and cooperate with Tenant in obtaining any necessary permission from governmental authorities or adjoining owners and occupants for Tenant to place or construct the foregoing signs. Tenant shall repair all damage to the Leased Premises resulting from the removal of signs installed by Tenant.

**11. Entry.**

Landlord shall have the right to enter upon the Leased Premises at reasonable hours to inspect the same, provided Landlord shall not thereby unreasonably interfere with Tenant's business on the Leased Premises.

**12. Parking.**

During the term of this Lease, Tenant shall have the non-exclusive use in common with Landlord, other tenants of the Building, their guests and invitees, of the non-reserved common automobile parking areas, driveways, and footway s, subject to rules and regulations for the use thereof as prescribed from time to time by Landlord. Landlord reserves the right to designate parking areas within the Building or in reasonable proximity thereto, for Tenant and Tenant's agents and employees. Tenant shall provide Landlord with a list of all license numbers for the cars owned by Tenant, its agents and employees. Separated structured parking, if any, located about the Building is reserved for tenants of the Building who rent such parking spaces. Tenant hereby leases from Landlord _____ [Number of Parking Spaces] spaces in such structural parking area, such spaces to be on a first come-first served basis. In consideration of the leasing to Tenant of such spaces, Tenant shall pay a monthly rental of _____ [Parking Space Rental] per space throughout the term of the Lease. Such rental shall be due and payable each month without demand at the time herein set for the payment of other monthly rentals, in addition to such other rentals.

**13. Building Rules.**

Tenant will comply with the rules of the Building adopted and altered by Landlord from time to time and will cause all of its agents, employees, invitees and visitors to do so; all changes to such rules will be sent by Landlord to Tenant in writing. The initial rules for the Building are attached hereto as Exhibit "A" and incorporated herein for all purposes.

**14. Damage and Destruction.**

Subject to Section 8 A. above, if the Leased Premises or any part thereof or any appurtenance thereto is so damaged by fire, casualty or structural defects that the same cannot be used for Tenant's purposes, then Tenant shall have the right within ninety (90) days following damage to elect by notice to Landlord to terminate this Lease as of the date of such damage. In the event of minor damage to any part of the Leased Premises, and if such damage does not render the Leased Premises unusable for Tenant's purposes, Landlord shall promptly repair such damage at the cost of the Landlord. In making the repairs called for in this paragraph,

Landlord shall not be liable for any delays resulting from strikes, governmental restrictions, inability to obtain necessary materials or labor or other matters which are beyond the reasonable control of Landlord. Tenant shall be relieved from paying rent and other charges during any portion of the Lease term that the Leased Premises are inoperable or unfit for occupancy, or use, in whole or in part, for Tenant's purposes. Rentals and other charges paid in advance for any such periods shall be credited on the next ensuing payments, if any, but if no further payments are to be made, any such advance payments shall be refunded to Tenant. The provisions of this paragraph extend not only to the matters aforesaid, but also to any occurrence which is beyond Tenant's reasonable control and which renders the Leased Premises, or any appurtenance thereto, inoperable or unfit for occupancy or use, in whole or in part, for Tenant's purposes.

## 15. Default.

If default shall at any time be made by Tenant in the payment of rent when due to Landlord as herein provided, and if said default shall continue for fifteen (15) days after written notice thereof shall have been given to Tenant by Landlord, or if default shall be made in any of the other covenants or conditions to be kept, observed and performed by Tenant, and such default shall continue for thirty (30) days after notice thereof in writing to Tenant by Landlord without correction thereof then having been commenced and thereafter diligently prosecuted, Landlord may declare the term of this Lease ended and terminated by giving Tenant written notice of such intention, and if possession of the Leased Premises is not surrendered, Landlord may reenter said premises. Landlord shall have, in addition to the remedy above provided, any other right or remedy available to Landlord on account of any Tenant default, either in law or equity. Landlord shall use reasonable efforts to mitigate its damages.

## 16. Quiet Possession.

Landlord covenants and warrants that upon performance by Tenant of its obligations hereunder, Landlord will keep and maintain Tenant in exclusive, quiet, peaceable and undisturbed and uninterrupted possession of the Leased Premises during the term of this Lease.

## 17. Condemnation.

If any legally, constituted authority condemns the Building or such part thereof which shall make the Leased Premises unsuitable for leasing, this Lease shall cease when the public authority takes possession, and Landlord and Ten ant shall account for rental as of that date. Such termination shall be without prejudice to the rights of either party to recover compensation from the condemning authority for any loss or damage caused by the condemnation. Neither party shall have any rights in or to any award made to the other by the condemning authority.

## 18. Subordination.

Tenant accepts this Lease subject and subordinate to any mortgage, deed of trust or other lien presently existing or hereafter arising upon the Leased Premises, or upon the Building and to any renewals, refinancing and extensions thereof, but Tenant agrees that any such mortgagee shall have the right at any time to subordinate such mortgage, deed of trust or other lien to this Lease on such terms and subject to such conditions as such mortgagee may deem appropriate in its discretion. Landlord is hereby irrevocably vested with full power and authority to subordinate this Lease to any mortgage, deed of trust or other lien now existing or hereafter placed upon the Leased Premises of the Building, and Tenant agrees upon demand to execute such further instruments subordinating this Lease or attorning to the holder of any such liens as Landlord may request. In the event that Tenant should fail to execute any instrument of subordination herein require d to be executed by Tenant promptly as requested, Tenant hereby irrevocably constitutes Landlord as its attorney-in-fact to execute such instrument in Tenant's name, place and stead, it being agreed that such power is one coupled with an interest. Tenant agrees that it will from time to time upon request by Landlord execute and deliver to such persons as Landlord shall request a statement in recordable form certifying that this Lease is unmodified and in full force and effect (or if there have been modifications, that the same is in full force and effect as so modified), stating the dates to which rent and other charges payable under this Lease have been paid, stating that Landlord is not in default hereunder (or if Tenant alleges a default stating the nature of such alleged default) and further stating such other matters as Landlord shall reasonably require.

**19. Security Deposit**.

The Security Deposit shall be held by Landlord without liability for interest and as security for the performance by Tenant of Tenant's covenants and obligations under this Lease, it being expressly understood that the Security Deposit shall not be considered an advance payment of rental or a measure of Landlord's damages in case of default by Tenant. Unless otherwise provided by mandatory non-waivable law or regulation, Landlord may commingle the Security Deposit with Landlord's other funds. Landlord may, from time to time, without prejudice to any other remedy, use the Security Deposit to the extent necessary to make good any arrearages of rent or to satisfy any other covenant or obligation of Tenant hereunder. Following any such application of the Security Deposit, Tenant shall pay to Landlord on demand the amount so applied in order to restore the Security Deposit to its original amount. If Tenant is not in default at the termination of this Lease, the balance of the Security Deposit remaining after any such application shall be returned by Landlord to Tenant. If Landlord transfers its interest in the Premises during the term of this Lease, Landlord may assign the Security Deposit to the transferee and thereafter shall have no further liability for the return of such Security Deposit.

**20. Notice.**

Any notice required or permitted under this Lease shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

*If to Landlord to:*

Charles L. Harper Sr.

_____

[Landlord]

__4712 Mimsey Rd; Upper Marlboro Rd MD 20772

_____

[Landlord's Address]

*If to Tenant to:*

Luxury4Less Net LLC

[Tenant]

___1244 H St NE , Washington DC 20002

_____

[Tenant's Address]

Landlord and Tenant shall each have the right from time to time to change the place notice is to be given under this paragraph by written notice thereof to the other party.

**21. Brokers.**

Tenant represents that Tenant was not shown the Premises by any real estate broker or agent and that Tenant has not otherwise engaged in, any activity which could form the basis for a claim for real estate commission, brokerage fee, finder's fee or other similar charge, in connection with this Lease.

**22. Waiver.**

No waiver of any default of Landlord or Tenant hereunder shall be implied from any omission to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect any default other than the default specified in the express waiver and that only for the time and to the extent therein stated. One or more waivers by Landlord or Tenant shall not be construed as a waiver of a subsequent breach of the same covenant, term or condition.

**23. Memorandum of Lease.**

The parties hereto contemplate that this Lease should not and shall not be filed for record, but in lieu thereof, at the request of either party, Landlord and Tenant shall execute a Memorandum of Lease to be recorded for the purpose of giving record notice of the appropriate provisions of this Lease.

**24. Headings.**

The headings used in this Lease are for convenience of the parties only and shall not be considered in interpreting the meaning of any provision of this Lease.

### 25. Successors.

The provisions of this Lease shall extend to and be binding upon Landlord and Tenant and their respective legal representatives, successors and assigns.

### 26. Consent.

Landlord shall not unreasonably withhold or delay its consent with respect to any matter for which Landlord's consent is required or desirable under this Lease.

### 27. Performance.

If there is a default with respect to any of Landlord's covenants, warranties or representations under this Lease, and if the default continues more than fifteen (15) days after notice in writing from Tenant to Landlord specifying the default, Tenant may, at its option and without affecting any other remedy hereunder, cure such default and deduct the cost thereof from the next accruing installment or installments of rent payable hereunder until Tenant shall have been fully reimbursed for such expenditures, together with interest thereon at a rate equal to the lesser of twelve percent (12%) per annum or the then highest lawful rate. If this Lease terminates prior to Tenant's receiving full reimbursement, Landlord shall pay the un reimbursed balance plus accrued interest to Tenant on demand.

### 28. Compliance with Law.

Tenant shall comply with all laws, orders, ordinances and other public requirements now or hereafter pertaining to Tenant's use of the Leased Premises. Landlord shall comply with all laws, orders, ordinances and other public requirements now or hereafter affecting the Leased Premises.

### 29. Final Agreement.

This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties.

### 30. Governing Law.

This Agreement shall be governed, construed and interpreted by, through and under the Laws of the District of Columbia.

IN WITNESS WHEREOF, the parties have executed this Lease as of the day and year first above written.


_____

[Landlord Signature]


_____

[Tenant Signature]